IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVIN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03cv3369 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | (appeal) |
| MEDICAL DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Marvin Brown, a prisoner in the custody of the Omaha Correctional Center, has filed a Notice of Appeal (filing no. 52). In addition, the Clerk of Court has filed a Memorandum (filing no. 54) inquiring whether the plaintiff is permitted to proceed in forma pauperis ("IFP") on appeal. This court previously granted the plaintiff leave to proceed IFP in the district court, and Fed. R. App. P. 24(a)(3) therefore applies to this appeal.[1]

While the plaintiff will be granted leave to proceed IFP on appeal, the Prison Litigation Reform Act ("PLRA") nevertheless requires the plaintiff to pay the full amount of the $255 appellate filing fees by making monthly payments to the court, even if the plaintiff

---

[1]Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis....
(3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

receives leave to proceed IFP on appeal. See 28 U.S.C. § 1915(b); Henderson v. Norris, 129 F.3d 481, 483-84 (8th Cir. 1997).

As set forth in Henderson v. Norris, when a district court receives a prisoner's notice of appeal in a civil action, the court assesses the $255 appellate filing fees and processes the appeal in the ordinary course. When the district court receives the certified copy of the inmate's trust account, the court shall:

> (a) calculate the initial partial appellate filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply....
>
> (b) notify the prison officials to pay the initial partial appellate filing fee from the prisoner's account to the clerk of the district court and to calculate and pay the remaining installments to the clerk of the district court until the whole of the appellate filing fees has been paid in full as provided by § 1915(b)(2); and
>
> (c) send a copy of the collection order to the prisoner.
>
> If the district court does not receive a certified copy of the prisoner's prison account within 30 days of the notice of appeal, it shall calculate the initial partial appellate filing fee at $35 or such other reasonable amount warranted by available information....

Id. at 484-85.

The court has not received a certified copy of the plaintiff's trust account information for the past six (6) months. Fed. R. App. P. 24(a)(3) continues the plaintiff's IFP status, subject to receipt of that information. The Clerk of Court shall request the necessary statement from the appropriate officer at the plaintiff's institution.[2] Leave to proceed IFP on appeal does not exempt the plaintiff from liability for payment of the full $255 appellate

---

[2]If a certified copy of the trust account information is not received, the court will calculate an initial partial appellate fee of $35 or such other amount as is reasonable.

2

filing fees in installments regardless of the outcome of the appeal.  In addition, by filing a notice of appeal, the plaintiff consents to the deduction of the filing fee from the plaintiff's inmate trust account.

After payment of the initial partial appellate filing fee, the remaining part of the fee shall be collected by the plaintiff's institution in accordance with 28 U.S.C. § 1915(b)(2), which states:

> (b)(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

In addition, "[d]istrict courts should continue to certify pursuant to § 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith.  If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'"  Henderson v. Norris, 129 F.3d at 485.  The court concludes that the plaintiff's appeal is taken in good faith.

THEREFORE, IT IS ORDERED:

1. That, pursuant to Fed. R. App. P. 24(a)(3), the plaintiff is provisionally granted leave to proceed in forma pauperis on appeal, subject to receipt of the plaintiff's inmate trust account information;

2. That the Clerk of Court shall request the necessary trust account information from the financial officer for the plaintiff's institution; and

3

3. That upon receipt of the trust account information, the court will calculate the initial partial appellate filing fee and notify the plaintiff, the plaintiff's institution, and the Eighth Circuit accordingly.

DATED this 4th day of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge